UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IGOR MOYSEYEV,  )
   Petitioner  )
    )
V.  ) Civil Action No. _____
    )
CAROLYN SABOL  )
WARDEN, FMC DEVENS, FEDERAL BUREAU  )
OF PRISONS, AND UNITED STATES OF  )
AMERICA,  )
   Respondents  )
_____)

PETITION FOR A WRIT OF HABEAS CORPUS
UNDER 28 USC §2241 & §2243

INTRODUCTION

Now comes the Petitioner, Igor Moyseyev, Pro Se, and moves this Honorable Court to grant Petitioner a Writ of Habeas Corpus under 28 USC §2241 and §2243 and would state in support thereof as follows:

1. Petitioner is an inmate incarcerated at FMC Devens, a federal prison camp in Ayer, Massachusetts.

2. Petitioner's statutory and constitutional rights are being violated by the Bureau of Prisons' (BOP) misinterpretation of 18 USC §3621(b) which has resulted in the BOP misapplying multiple federal statutes including, but not limited to 18 USC §3624(c). It is under §3621(b) that Petitioner seeks relief from the Court, as well as §3624(c), and that the BOP apply these statutes as it did prior to December 1, 2002, and that if Petitioner meets the pre-December 2002 conditions as defined by the BOP's policy before that date, that he be given the same result, that is, six months or more Pre-release custody time.

3. Prior to December 1, 2002, it was the BOP's policy at FMC Devens to transfer inmates to Pre-release custody under 18 USC §3624(c) to a CCC for the last six months of an inmate's sentence regardless of sentence length. See Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004).

1

4. The majority of Courts in this District, as well as other Districts and four Circuit Courts of Appeals, have ordered the BOP to reconsider inmates for Pre-release Custody placement using the pre-December 2002 BOP policy on each of 18 USC §3621(b) and §3624(c), <u>after</u> application of the five mandatory factors to each inmate, because the majority of Courts have ruled that the BOP policies with regard to the aforementioned statutes, as adopted in December 2002, and then, in response to an Office of Legal Counsel Memorandum, changed in February 2005, are both illegal and unconstitutional and that the BOP exceeded its authority on these issues. See <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3rd Cir. 2005); <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006); <u>Elwood v. Jeter</u>, 386 F.3d 842 (8th Cir. 2004); <u>Levine v. Apker</u>, 455 F.3d 71 (2nd Cir. 2006); ALL citing <u>Goldings</u>; <u>Putnam v. Winn</u>, 2006 WL1881878 (D.Mass.)(Saris, J.) and based upon <u>Putnam</u>, all of the following: <u>Muniz v. Winn</u>; <u>Gonzalez v. Winn</u>; <u>Barber v. Winn</u>; <u>Choquette v. Winn</u>; <u>Tahajian v. Winn</u>; <u>Lofgren v. Winn</u>; <u>Donnell v. Winn</u>; <u>Perez v. Winn</u>; <u>Wheaton v. Winn</u>; <u>Goodman v. Winn</u>; <u>Todd v. Winn</u>; <u>Krzystofik v. Winn</u>; <u>Briggs v. Winn</u>; <u>Humiston v. Winn</u>.

5. In placing an inmate in a place of imprisonment or confinement, **at any time during the inmate's sentence**, the BOP in using its discretionary authority under 18 USC §3621(b), is obliged to consider five mandatory factors listed in the statute as they apply individually to each inmate or prisoner <u>before</u> making <u>any</u> placement decision, and in considering these statutes, the BOP may transfer an inmate to any suitable place of confinement or imprisonment or custody level modification, and if the specific needs of an inmate requires it, the BOP may place an inmate in Pre-release Custody for a period in excess of 18 USC §3624(c)'s obligatory six months if the inmate's specific needs require more community transitional time than that set forth in §3624(c) because the latter statute's temporal limitations do not restrict the BOP from exercising §3621(b) discretionary auth-

ority at any time during an inmate's sentence.

6. Respondent has advised the Petitioner that his Pre-release Custody placement date is  5-13-2008  based upon the BOP's current illegal and unconstitutional policies.

7. The BOP maintains that based upon its illegal interpretation of the terms of 18 USC §3624(c) that it is limited to 10% for Pre-Release Custody time for an inmate, but in fact, due to errors within its interpretation, no inmate serving less than a 70 month sentence receives more than 9.44% Pre-release Custody time, which is a further violation of the statute.

8. Petitioner's placement date as set by the BOP is in violation of 18 USC §3624(c) and the BOP's current Program Statement PS 7310.04, as well as 18 USC §3621(b).

9. If Respondent follows the Pre-December 1, 2002 BOP policy on these matters, Petitioner's Pre-release Custody placement date would be no later than  12-29-2007 , or earlier if the factors required under 18 USC §3621(b) were to be properly applied as required by Congress.

10. Respondent has categorically limited placement in home confinement to six months by its own erroneous interpretation of 18 USC §3624(c) in that it has illegally limited its discretionary authority under 18 USC §3621(b), and memorializes this erroneous policy in both Program Statement PS 7320.01 and PS 7310.04, as well as exceeding its authority by defining "home confinement" as not being a place of imprisonment.

11. Instead, Respondent categorically places inmates in a CCC for end sentence purposes under 18 USC §3624(c) though the language of the statute as written by Congress expressly states "home confinement" and only a CCC by implication, and then does so for less than 10%, ignoring the statute and Congress.

12. Respondent's erroneous application and policies have deprived the Petitioner of his legal and constitutional rights.

## JURISDICTION

1. This Court has jurisdiction to issue a Writ of Habeas Corpus pursuant to 28 USC §§2241 and 2243.

2. This Court has jurisdiction to issue a Writ of Mandamus under 28 USC §1361, compelling the Respondent in his official capacity to perform a duty owed to Petitioner, that is, to in good faith, consider Petitioner for Pre-release Custody placement to a CCC or home confinement for six months or more of his sentence using the Pre-December 1, 2002 BOP policies at FMC Devens.

3. Declaratory relief is also sought under 28 USC §2201.

## VENUE

1. Petitioner is imprisoned in a federal facility at FMC Devens, Ayer, MA, which is in the geographic confines of the District of Massachusetts.

## FACTS

1. Petitioner is serving a __18__ month sentence at FMC Devens.

2. Through December 1, 2002, BOP had long allowed at FMC Devens the placement of inmates in Pre-release Custody under 18 USC §3624(c) for 180 days at the end of an inmate's sentence or more, even if that period exceeded 10% of the length of sentence or time to be served by an inmate, without limitation by any categorical 10% rule, placing inmates in a CCC for a minimum 180 day period. See Goldings, footnote 1, page 19.

3. Respondent has admitted, and this Court and Circuit have accepted, that in the years prior to December 1, 2002, that a majority, "upwards of 85%" of FMC Devens inmates received placement of six months to a CCC under 18 USC §3624(c) obligations placed upon the BOP, and were not limited to any mandated 10% or other categorical rule. Goldings.

4. BOP current regulations and policy limiting Pre-Release Custody placement categorically to 10% of an inmate's sentence have been held illegal and unconstitutional. See Goldings; Woodall; Fults; Elwood; Levine; Putnam.

5. BOP's placement of an inmate for Pre-Release Custody purposes is not limited to a CCC, categorically or otherwise, and where suitable, applying the five factors listed in 18 USC §3621(b) individually, home confinement is statutorily specified. See Goldings; Muniz; Gonzalez; Woodall; Levine.

6. Home confinement is a place of confinement. See Byrd v. Moore, 252 F. Supp. 293 (S.D.N.Y. 2003); U.S. v. Serpa, 251 F.Supp. 2d 988 (D.Mass. 2003).

7. 18 USC §3624(c) expressly states "home confinement" for purposes of Pre-Release Custody placement, and only impliedly a CCC. See Goldings.

8. The BOP's Program Statements, PS 7310.04 and PS 7320.01 and its self-imposed limitation upon its authority limiting the availability of home confinement to 6 months or less violates 18 USC §3621(c), and therefore, is erroneous, illegal, unconstitutional, and exceeds the BOP's authority. See Woodall; Levine; Muniz; Gonzalez.

9. The BOP has the authority to place an inmate in home confinement for up to six months under its §3624(c) obligations, but it can exceed 6 months under its discretionary authority given it under 18 USC §3621(b), guided by and limited only by the 5 factors in the latter statute once applied specifically to an inmate because its discretionary authority under §3621(b) isn't subject to the temporal limitations of §3624(c). See Golding; Woodall; Levine; Muniz; Gonzalez.

10. The BOP Program Statement PS 7310.04 which categorically limits itself to no more than six months home confinement is erroneous and is therefore not applicable in preventing an otherwise eligible inmate from being placed into home confinement under 18 USC §3624(c) for Pre-Release Custody, or even the full sentence imposed if the 5 factors in §3621(b) deem it to be suitable to the inmate's needs.

11. The BOP does not have the authority under any statute or law to define what is or what is not a place of imprisonment or confinement, and that authority

rests solely with the Congress of the United States. See Woodall; Levine; Muniz v. Winn, WL____2006 (D.Mass.)(Young, J.).

12. The BOP's current interpretation and policy on 18 USC §3621(b) does not apply the five factors to each inmate, and in fact disregards the five factors in total, thereby resulting in categorical placement decisions that are both illegal and unconstitutional, thereby denying prisoners their legal rights. See Woodall; Levine; Muniz; Gonzalez.

13. Before December 1, 2002, the BOP did not limit itself to the six months Pre-release Custody time listed in 18 USC §3624(c), instead using its discretionary authority under 18 USC §3621(b) to meet inmate needs and providing six months or more Pre-release Custody time. See Woodall; Goldings; Levine; Muniz; Gonzalez.

14. Pre-December 2002 BOP 18 USC §§3621(b) and 3624(c) placement policies: "...were entirely routine, and were all but taken for granted by all participants: the BOP, the Probation Office, the U.S. Attorney's Office, the defense bar, and the judiciary." U.S. v. Serpa, 251 F.Supp. 2d 988, 990 (D.Mass. 2003).

15. In Putnam, and the majority of cases that followed it in this District, the Court ordered the BOP to reconsider Petitioners for Pre-release Custody placement as the current BOP policies adopted on February 2005 are both illegal and unconstitutional, and that said decisions were to be made without consideration of 28 CFR §570.20 and §570.21 with respect to said placements.

16. Respondent continues to "...stubbornly refuse..." to reconsider the Petitioner or any inmate under the Pre-December 2002 placement policies interpreting and applying the specific five factors listed in 18 USC §3621(b) as they apply to each individual inmate, or for Pre-release Custody placement under 18 USC §3624(c) without an Order from this Court and in direct contravention of the express language, intent, and spirit of this Court's orders in Putnam.

17. No inmate serving less than a 70 month sentence at FMC Devens receives

the full 10% time under 18 USC §3624(c) as the BOP alleges, instead the inmate receives 9.44% of time served and only 8.2% of sentence.

18. In trying to implement the Orders of the Court, in Putnam, and subsequent cases where relief is ordered, the BOP continues to use its current illegal interpretation of 18 USC §3621(b) and policies therein resulting in inmates not getting the maximum allowable time under 18 USC §3624(c) that would be otherwise available, thereby depriving inmates of their constitutional rights by forcing endless motions upon the Court in order to obtain the relief ordered by the Court.

19. The BOP at FMC Devens, in response to Orders of this Court, delays filing requisite paperwork for Pre-release Custody purposes, thereby resulting in Petitioners losing available CCC bed space, refuses to apply home confinement standards to otherwise eligible inmates though prescribed by the express statutory language of 18 USC §3624(c) and BOP Program Statement PS 7320.01, all in order to circumvent the Orders of this Court, delay the inmate's release, run-out the clock on inmate's sentences, and turn the relief granted an inmate into defeat. This is precisely what happened with Choquette in that the Petitioner did not receive a single day of extra time, though the BOP and U.S. Attorney promised it to the Court both verbally and by affidavit.

20. The conduct of the BOP contraverts the Orders of this Court, the will of Congress, and reflects an arrogance and abuse of the discretion granted under 18 USC §3621(b) and a total disregard of the obligation imposed by §3624(c).

21. The BOP has been well aware that its policies adopted in February of 2005 are both illegal and unconstitutional as they apply to not only 18 USC §3621(b) and §3624(c), but all other statutes impacted by illegal application of §3621(b), and it has chosen **not to take a single corrective action.**

22. Instead, the BOP has rendered the relief ordered by this Court a travesty because the BOP continues to utilize its illegal policies.

23. The BOP is unable to grant the <u>legal</u> relief sought because its policies are illegal thereby resulting in erroneous reconsiderations in the affidavits it has to date submitted to this Court. See <u>Muniz</u>, <u>Putnam</u>, et al.

24. Realizing that habeas relief is a time-consuming process, the BOP has tactically delayed reconsiderations and placements at CCCs because it can not recalculate using the pre-December 2002 policies, and has thereby deprived inmates of the relief sought and/or granted by the Courts.

25. The First Circuit Court of Appeals granted injunctive relief in <u>Goldings</u>.

26. When a legal remedy or relief ordered by the Court is unavailable because of the BOP's illegal policies, i.e., there is no plain, adequate, and complete remedy at law, thereby resulting in an injury to the Petitioner, this Court can grant injunctive relief equivalent to that provided and ordered in <u>Goldings</u>.

## THE BOP'S PLACEMENT DECISION FOR PETITIONER VIOLATES THE EX POST FACTO CLAUSE OF THE CONSTITUTION

27. The BOP's decision to use its "10% rule" (i.e., the practice, under both the "December 2002 Policy" and the "February 2005 Rule") violates the <u>ex post facto</u> Clause of the Constitution. See <u>U.S. Constitution</u>, Article I, §9, cl. 3. Where a change in law is substantive and not merely interpretive, its retroactive application will constitute a violation of the <u>Ex Post Facto</u> clause. See <u>Schorr v. Menifee</u>, 2004 U.S. Dist LEXIS 10758, 14 (S.D.N.Y. June 14, 2004)(Stein, J.) citing <u>Weaver v. Graham</u>, 450 U.S. 24 (1981). By enacting the February 2005 change, the Respondent effectively conceded that the implementation of the "10% Rule" was, and continues to be, a substantive change in the law. Since it has been applied retroactively to the Petitioner, it constitutes a violation of the <u>Ex Post Facto</u> Clause.

28. The BOP promulgated the February 2005 Rule thereby acknowledging explicitly that its December 2002 position was incorrect, and that it had discretion under §3621(b) to place a prisoner at any time in any penal or correctional facility. In acknowledging its statutory discretion, the BOP conceded that the creation of

8

its December 2002 Policy constituted a substantive change in the law as it affected federal prisoners. As such, the 10% Rule cannot be applied retroactively without violating the Ex Post Facto Clause. See Schorr at 14.

29. In the case at hand, the 10% Rule is clearly being applied retroactively to Petitioner. Petitioner engaged in the series of actions that constituted the underlying offense prior to the BOP's December 2002 Policy, and in fact, no later than

30. The application of the 10% Rule to the prisoner here constitutes an Admission of the Ex Post Facto Clause regardless of whether the implementation of the February 2005 Rule amounts to an admission regarding the rule change as substantive.

31. A change in the law will constitute an Ex Post Facto Clause violation if it is retroactive, and disadvantages the offender affected by it. See Weaver v. Graham, 450 U.S. 24 (1981); Lynce v. Mathis, 519 U.S. 433 (1997). Here, the application of the 10% Rule clearly disadvantages the prisoner by depriving him of approximately  months earlier Pre-release Custody placement, into either a CCC/RRC or home confinement, facilities affording greater liberty than FMC Devens, his current place of imprisonment.

32. Thus, even if the Court finds that the 10% Rule is not unlawful, it should still find it to be a violation of the Ex Post Facto Clause as applied to the Petitioner. See Wiesel v. Menifee, 2005 U.S. Dist LEXIS 8019 (S.D.N.Y., May 2, 2005)(Batts, J.) holding that the 10% Rule's retroactive application violated the Ex Post Facto Clause, and that it is immaterial whether or not it strips the prisoner of a vested right, but what matters is that it increases the punishment. Id at 24-25, citing Weaver v. Mathis, 450 U.S. 24 (1985).

33. As the 10% Rule, whether pursuant to the December 2002 Policy or the February 2005 Rule, works a substantive change in the law that disadvantages the Petitioner, it constitutes a violation of the Ex Post Facto Clause. Accordingly, this Court should rule that the BOP, to avoid an unconstitutional outcome, cannot apply the 10% Rule to the Petitioner, but must instead apply the pre-December 2002 Policy

practices in setting the Petitioner's Pre-release Custody time under 18 U.S.C. §3624(c).

### THE BOP'S FEBRUARY 2005 RULE IS DISCRIMINATORY

34. The BOP's February 2005 Rule discriminates against certain categories of inmates, a policy that is specifically prohibited under the statute that is the crux of this petition, that is, 18 U.S.C. §3621(b).

35. 18 U.S.C. §3621(b), <u>after</u> the five factors listed, states as follows:

> "In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status."

The BOP's policy, adopted by it in response to having lost the majority of inmate lawsuits over these issues, reflects a violation of this section of the statute.

36. In this District, the BOP has lost the majority of the inmate petitions filed on the matter at hand. Circuit Courts of Appeals have unanimously found the BOP's February 2005 Rule to be illegal. Rather than re-evaluating its February 2005 Rule and bringing the Rule into compliance with the statute, or dropping the February 2005 Rule altogether and returning to its <u>legal</u> pre-December 2002 Policy, the BOP has elected to take the position that in order to be reconsidered for additional or the correct Pre-release Custody time under 18 U.S.C. §3624(c), fully considering the five factors and the requirements of 18 U.S.C. §3621(b), an inmate must first file a lawsuit with the District Court for the District of Massachusetts, and then, must win an Order from the Court. This position of the BOP is discriminatory, in violation of its duty under §3621(b), in that it precludes those inmates who may not be capable of either affording an attorney, or proceeding Pro Se to file such a lawsuit, from obtaining the relief as can those inmates who can afford an attorney or who can capably defend themselves Pro Se. Thus, the BOP has violated the referenced portion of §3621(b) in that its policy is discriminatory showing favoritism for those inmates who are economically or socially able to file lawsuits on the matter at hand with the Court and be

successful.

    37.    For these reasons alone, the February 2005 Rule and the BOP's resultant policies, positions, and conduct should be struck dow as both illegal and discriminatory, therefore unconstitutional, by Order of this Court, and the Petitioner's requested relief granted.  Further, this Court should Order the BOP to reconsider <u>all</u> inmates for Pre-release Custody without regard for the February 2005 Rule or December 2002 Policy under the pre-December 2002 Rules through the BOP's administrative remedy process.  Said reconsideration should be without regard to current policy and would thereby protect and preserve the constitutional rights of inmates, provide due process, and promote judicial economy and efficiency.

RELIEF REQUESTED

    1.    Issue a temporary restraing order, injunction, or Writ of Mandamus compelling Respondent to reconsider Petitioner for Pre-release Custody Placement in either a CCC/RRC or home confinement under §3624(c) by applying the pre-December 2002 policies fully considering the statutory requirements of §3621(b).  If Petitioner meets the pre-December 2002 criteria, that he be granted the same relief afforded <u>ALL</u> Camp-designated FMC Devens inmates prior to December 1, 2002 of 6 full months of Pre-release Custody;

    2.    Endorse an Order pursuant to 28 U.S.C. §2243 directing Respondent to show cause before this Court within 10 days as to why a Writ of Habeas Corpus should not be issued invalidating Respondent's denial to Petitioner of 6 Months Pre-release Custody;

    3.    Declare the BOP's current policy of forcing inmates to file lawsuits on these matters in order to be reconsidered for relief as a policy that is discriminatory and therefore, illegal, and Order the BOP to reconsider <u>all</u> inmates for Pre-release Custody pursuant to the BOP's pre-December 2002 policy, and do so

if the inmate requests such a reconsideration by using the BOP's administrative process, thereby promoting judicial efficiency, and expediency;

4.  Any other relief pursuant to applicable law, the Constitution, the express will and intent of Congress, or any other equitable relief that is within the discretion and power of this Court.

DATE: August 15, 2007

RESPECTFULLY SUBMITTED,

_____, Petitioner
IGOR MOYSEYEV
ID#: 25489-038
FMC Devens, Camp I
P.O. Box 879
Ayer, MA  01432